UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON, et al., | No. C10-145 RSL |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| LARRY D. MILLER, et al., | |
| Defendants. | |

This matter comes before the Court on plaintiffs' motion for partial summary judgment against defendant Larry Miller. Dkt. #28. Plaintiffs move for summary judgment on their claims of breach of fiduciary duty under ERISA, breach of fiduciary duty under RCW 49.52.010, conversion, and violation of RCW 49.52.050 and 49.52.070.[1]  Defendant has not responded. Having reviewed the memorandum, declarations, exhibits, and the record herein, the Court GRANTS in part and DENIES in part plaintiffs' motion for partial summary judgment.

---

[1] Plaintiffs did not move for summary judgment on their fifth claim for relief based on alter ego.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

**STATEMENT OF UNDISPUTED FACTS**

Plaintiffs are joint labor-management trust funds created pursuant to section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c), and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Dkt. #29 (Parker Decl.) ¶2. The trust funds are collectively known and administered as the Carpenters Trusts of Western Washington ("Carpenters Trusts"). Id. Plaintiff Carpenters-Employers Vacation Trust of Western ("Vacation Trust") was established under ERISA to receive and administer amounts withheld as vacation pay benefits from wages of employees of Evergreen Environmental, Inc., among others, pursuant to a collective bargaining agreement. Id. ¶3. Plaintiff Carpenters Health and Security Trust of Western Washington ("Medical Trust") was established under ERISA to receive contributions from Evergreen, among others, to provide hospital, medical, dental, vision, disability or death benefits and any other similar benefits to its employees. Id. ¶4.

Defendant is the President, Vice President, Secretary, Treasurer, Chairman of the Board, and Director of Evergreen. Dkt. #30 (Brown Decl.), Ex. A-1 at 7. In April 1995, defendant executed a Compliance Agreement on behalf of Evergreen. Dkt. #29 (Parker Decl.) ¶¶5-6. Pursuant to the Compliance Agreement, Evergreen became bound to a collective bargaining agreement and various trust agreements that created the Carpenters Trust. Id. ¶¶5-7, Exs. 3-4. Pursuant to the collective bargaining agreement and various trust agreements, defendant was required to make certain monthly payments on behalf of its employees to the Carpenters Trusts. Id. ¶¶7-8.

On January 16, 2009, the King County Superior Court entered judgment against Evergreen in the amount of $179,652.98, which included the principal amount of $129,079.56[2]

---

[2] The $129,079.56 principal consisted of $9,493.67 that Evergreen deducted from its employees' wages for unpaid vacation contributions to the Vacation Trust; $62,282.55 that Evergreen owed to the Medical Trust as contributions toward its employees' medical benefits; and $12,541.09 that Evergreen deducted from its employees' after-tax wages for Union dues and failed to pay to the Carpenters Trusts as collection agent for the Union. Id. ¶8.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 2

in employer contributions and employee wage deductions that Evergreen failed to pay to plaintiffs. Id. ¶8; dkt. #30 (Brown Decl.), Ex. C at 21. Plaintiffs claim that Evergreen failed to pay the judgment and that Evergreen is now out of business. Dkt. #28 (Mot.) at 4. On January 25, 2010, plaintiffs filed their complaint against defendant seeking to hold him personally liable for the debt owed by Evergreen.[3]

## ANALYSIS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000). However, if a party fails to file papers in opposition to a motion, such failure may be considered by the Court as an admission that the motion has merit. Local Civ. R. 7(b).

### I. Breach of Fiduciary Duty under ERISA

ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries. Az. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 719 (9th Cir.

---

[3]On August 3, 2010, the Court ordered defendants to pay plaintiffs $980.50 in attorney's fees incurred in moving for a default judgment. Plaintiffs claim that defendants have not made payment. Dkt. #30 (Brown Decl.) ¶5. Rather than move to enforce the Court Order and seek sanctions, plaintiffs move for partial summary judgment against defendant Miller seeking an Order requiring him to pay plaintiffs the sum of $980.50 within ten days of this Order. The Court GRANTS plaintiffs' request.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3

1997). Fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives. Id. at 720. A person is a fiduciary with respect to a plan to the extent "he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. §1002(21)(A). Contributions deducted from an employee's wages become plan assets as soon as they can feasibly be segregated from the employer's other assets, but not more than ninety days after withholding. See 29 C.F.R. §2510.3-102(a)(1). Those assets must "be held for the exclusive purposes of providing benefits to participants in the plan." 29 U.S.C. §1103(c)(1). Plan fiduciaries must discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use." Id. §1104(a)(1)(B). Fiduciaries must also discharge their duties "solely in the interest of the participants and beneficiaries and . . . for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." Id. §1104(a)(1)(A). An ERISA fiduciary is prohibited from dealing with assets of a trust fund in his own interest or for his own account. Id. §1106(b)(1).

Defendant is the President, Vice President, Secretary, Treasurer, Chairman of the Board, and Director of Evergreen. Dkt. #30 (Brown Decl.), Ex. A-1 at 7. In their complaint, plaintiffs allege that defendant "was responsible for the day-to-day operations of Evergreen and for all or a majority of its decisions as to the payment of contributions and employee wage deductions to the Carpenters Trusts, including decisions whether or not, and if so, when to make such payments to the Carpenters Trusts, and if not, what to do with the amounts deducted from Evergreen's employees' wages." Dkt. #1 (Compl.) ¶8. Plaintiffs also allege that defendant "exercised his discretion to use for his own purposes the sum of $9,493.67 deducted for Vacation Trust contributions from Evergreen's employee wages." Id. ¶9. In his answer to paragraphs 8 and 9, defendant responded "the allegations ask for a legal conclusion and therefore Defendants deny." Dkt. #6 (Ans.) ¶¶8-9. Although there were legal conclusions

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4

within paragraphs 8 and 9 of the complaint, the statements quoted above are factual allegations, not legal conclusions. Since defendants did not deny the factual allegations and defendant Miller has failed to respond to the motion, they are deemed admitted. Fed. R. Civ. P. 8(b)(6); Local Civ. R. 7(b); Legal Aid Society of Alameda Cnty. v. Brennan, 608 F.2d 1319, 1334 (9th Cir. 1979) ("The allegations are to be treated as admitted since not denied.").

The Court finds that defendant Miller exercised authority and control over the management and disposition of the assets of the Vacation Trust. Accordingly, Defendant is a fiduciary within the meaning of 29 U.S.C. §1002(21)(A). The Court also finds that defendant breached his fiduciary duty by failing to ensure the proper disposition of the Vacation Trust assets.

## II.  Breach of Fiduciary Duty under RCW 49.52.010

RCW 49.52.010 provides that "all money to be paid by an employer as his or her contribution for furnishing . . . medical or surgical treatment, nursing, hospital service, ambulance service, dental service, burial service, or any or all of the above enumerated services . . . are hereby declared to be a trust fund for the purposes for which the same are collected. The Medical Trust agreement defines fiduciary as "any person or party who exercises any discretionary authority or discretionary control with respect tot he management of the Fund or the management or disposition of any assets of the Fund . . . or who has any discretionary authority or discretionary responsibility in the administration of the Fund or its Plan." Dkt. #29 (Parker Decl.), Ex. 2 at 10. The Court notes that the Medical Trust agreement appears to provide for individual employer liability, but plaintiffs have not provided the Court with the entire agreement. Id.

In their complaint, plaintiffs allege that under "RCW 49.52.010, the contributions owing to the Medical Benefits Trust in the principal amount of $62,282.55 constituted a trust as to which Miller was a fiduciary." Dkt. #1 (Compl.) ¶10. Defendants denied this allegation because it called for a legal conclusion. Dkt. #6 (Ans.) ¶10. The allegation that "Miller was a fiduciary" is a legal conclusion. Plaintiffs have not produced any evidence that defendant

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5

Miller was a fiduciary within the meaning of the Medical Trust agreement. Additionally, plaintiffs have not provided the Court with, and the Court is unaware of, any legal authority that a breach of a collective bargaining agreement constitutes wrongful conduct imposing personal liability on defendant. But see, Grayson v. Nordic Constr. Co., 92 Wn.2d 548, 554 (1979) (corporate officer who participated in violation of Consumer Protection Act is personally liable for wrongful conduct). Accordingly, the Court finds that plaintiffs have not sustained their burden with respect to their claim for breach of fiduciary duty under RCW 49.52.010.

### III. Conversion

Conversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession. In re Marriage of Langham, 153 Wn.2d 553, 564 (2005). Money may be the subject of conversion if it was wrongfully received by a person charged with conversion, or if a person was obligated to return the specific money to the person claiming it. Westview Invs., Ltd. v. U.S. Bank, Nat'l Assoc., 133 Wn. App. 835, 852 (2006). An officer is personally liable for conversion where he performs an act or series of acts which would amount to conversion if he acted for himself alone. Consulting Overseas Mgmt., LTD v. Shtikel, 105 Wn. App. 80, 84 (2001).

The collective bargaining agreement obligated Evergreen to make deductions for union dues out of the after-tax wages of its employees, and to pay the monthly deductions to Carpenters Trust. Dkt. #29 (Parker Decl.) ¶6, Ex. 4. The judgment establishes that Evergreen owed $12,541.09 to Carpenters Trust in deductions for union dues. Dkt. #29 (Parker Decl.) ¶8. Defendant Miller, as the President, Vice President, Secretary, Treasurer, Chairman of the Board, and Director of Evergreen, was obligated to pay $12,541.09 on behalf of Evergreen to the Carpenters Trust, and failed to do so. Accordingly, the Court finds defendant Miller personally liable to plaintiffs for $12,541.09. Consulting Overseas, 105 Wn. App. at 84.

### IV. Double Damages under RCW 49.52.050 and 49.52.070

RCW 49.52.070 provides that any employer who violates any provision of RCW 49.52.050(1) or (2) will be liable in a civil action by the aggrieved employee or his assignee to

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6

judgment for twice the amount of wages unlawfully rebated or withheld by way of exemplary damages. RCW 49.52.050(2) provides, in relevant part, that any employer or officer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2). Willful means that the person knows what he is doing, intends to do what he is doing, and is a free agent. Schilling v. Radio Holdings, Inc., 136 Wn. 2d 152, 159-60 (1998). Lack of intent may be established either by a finding of carelessness or by the existence of a bona fide dispute regarding the payment of wages. Id. at 160.

Plaintiffs have not presented any evidence as to whether defendant's failure to pay was willful, careless, or for some other reasons. Plaintiffs have not sustained their burden on summary judgment with respect to their claim for violation of RCW 49.52.050 and 49.52.070.

## CONCLUSION

For all the foregoing reasons, the Court GRANTS plaintiffs' motion against defendant Larry Miller with respect to plaintiffs' claim for breach of fiduciary duty under ERISA in the amount of $9,493.67, and for conversion in the amount of $12,541.09. The Court also GRANTS plaintiffs' request to Order defendant to pay plaintiffs the sum of $980.50 within ten days of this Order. The Court DENIES plaintiffs' motion on their claims for breach of fiduciary duty under RCW 49.52.010 and violations of RCW 49.52.050 and 49.52.070.

DATED this 28th day of February, 2011.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7